UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA VALLEY MIWOK TRIBE, a federally recognized Indian Tribe, and SILVA BURLEY, in her official capacity as Chairwoman,<br><br>        Plaintiffs,<br><br>   v.<br><br>SAN JOAQUIN COUNTY SHERIFF'S OFFICE; SAN JOAQUIN COUNTY SHERIFF STEVE MOORE, in his official capacity; INDYMAC BANK, F.S.B., a federally chartered savings bank; DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee of the IndyMac INDA Mortgage Loan Trust 2007-AR3, Mortgage Pass Through Certificates, Series 2007-AR3; ONEWEST BANK, a federally chartered savings bank; and MERIDIAN FORECLOSURE SERVICE, a California corporation, dba Meridian Trust Deed Service,<br><br>        Defendants. | No. 2:13-cv-02179-GEB-EFB<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

        On Friday, October 18, 2013, at approximately 2:14 p.m., Plaintiffs filed an "Ex Parte Emergency Application and Motion for Temporary Restraining Order," (ECF No. 2), to enjoin the foreclosure sale of the property located at 10601 Escondido Place in Stockton, California, which is scheduled to occur in three days, on Monday, October 21, 2013. (See Decl. of Silvia

Burley ¶ 7, ECF No. 2-3.)

Local Rule 231(b) prescribes:

> **Timing of Motion.** In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Here, Plaintiff Silvia Burley avers that "the Tribe received Notice of Default and Election to Sell Under Deed of Trust" on June 30, 2013. (Burley Decl. ¶ 6.) Ms. Burley further declares that "the Tribe received a Notice of Trustee's Sale" on September 25, 2013. (Id. at ¶ 7.) However, Plaintiffs provide **no explanation** regarding why they delayed in seeking to enjoin the impending foreclosure until the Friday afternoon before the scheduled auction. Therefore, the Court concludes Plaintiffs' unexcused delay in seeking injunctive relief constitutes laches, and Plaintiffs' ex parte application for a TRO is DENIED. See Mammoth Specialty Lodging, LLC v. WE-KA-JASSA Inv. Fund, LLC, No. CIV S-10-0864 LKK/JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying motion for TRO to enjoin foreclosure when the plaintiff delayed in bringing motion).

Dated: October 18, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2